FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★    MAR 11 2026    ★

LONG ISLAND OFFICE

EMR:MEF/MND
F. #2025R00615

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - -X

UNITED STATES OF AMERICA

- against -

TYRONE STYLISTIC CROOKS,

Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - -X

THE GRAND JURY CHARGES:

**INDICTMENT**

**CR-26 0055**

Cr. No. _____

(T. 18, U.S.C., §§ 1591(a)(1), 1591(a)(2),
1591(b)(1), 1591(b)(2), 1591(c), 1594(a),
1594(d), 2251(a), 2251(e), 2253(a),
2253(b), 2421(a), 2423(a), 2428(a), 2
and 3551 et seq.; T. 21, U.S.C., § 853(p))

**BROWN, J.**

**DUNST, M.J.**

COUNT ONE
(Sex Trafficking – Jane Doe #1)

1.     In or about and between 2021 and 2024, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant TYRONE STYLISTIC CROOKS, together with others, did knowingly and intentionally recruit, entice, harbor, transport, provide, obtain, advertise, maintain, patronize and solicit by any means a person, to wit: Jane Doe #1, an individual whose identity is known to the Grand Jury, in and affecting interstate commerce, and did benefit, financially and by receiving anything of value, from participation in a venture which engaged in such acts, knowing that means of force, threats of force, fraud and coercion, as described in Title 18, United States Code, Section 1591(e)(2), and a combination of such means, would be used to cause Jane Doe #1 to engage in one or more commercial sex acts.

(Title 18, United States Code, Sections 1591(a)(1), 1591(a)(2), 1591(b)(1), 2 and 3551 et seq.)

## COUNT TWO
### (Sex Trafficking of a Minor – Jane Doe #2)

2.      In or about August 2021, within the Eastern District of New York and elsewhere, the defendant TYRONE STYLISTIC CROOKS, together with others, did knowingly and intentionally recruit, entice, harbor, transport, provide, obtain, advertise, maintain, patronize and solicit by any means a person, to wit: Jane Doe #2, an individual whose identity is known to the Grand Jury, in and affecting interstate commerce, and did benefit, financially and by receiving anything of value, from participation in a venture which engaged in such acts, knowing and in reckless disregard of the fact that Jane Doe #2 had not attained the age of 18 years and would be caused to engage in one or more commercial sex acts, having had a reasonable opportunity to observe Jane Doe #2.

(Title 18, United States Code, Sections 1591(a)(1), 1591(a)(2), 1591(b)(2), 1591(c), 2 and 3551 et seq.)

## COUNT THREE
### (Transportation of a Minor – Jane Doe #2)

3.      In or about August 2021, within the Eastern District of New York and elsewhere, the defendant TYRONE STYLISTIC CROOKS, together with others, did knowingly and intentionally transport a person, to wit: Jane Doe #2, who had not attained the age of 18 years, in interstate commerce, with the intent that Jane Doe #2 engage in prostitution, and in sexual activity for which any person could be charged with a criminal offense.

(Title 18, United States Code, Sections 2423(a), 2 and 3551 et seq.)

## COUNT FOUR
### (Sexual Exploitation of a Minor – Jane Doe #2)

4.      In or about August 2021, within the Eastern District of New York and elsewhere, the defendant TYRONE STYLISTIC CROOKS, together with others, did employ,

use, persuade, induce, entice and coerce a minor, to wit: Jane Doe #2, to engage in sexually explicit conduct, and knowingly and intentionally attempt to do so, for the purpose of producing one or more visual depictions of such conduct, knowing and having reason to know that such visual depictions would be transported and transmitted using any means and facility of interstate and foreign commerce and which would be in and affecting interstate and foreign commerce, which visual depictions were produced and transmitted using materials that had been mailed, shipped and transported in and affecting interstate and foreign commerce by any means, to wit: one or more mobile or Internet devices, computers and smartphones, and such visual depictions were actually transported and transmitted using one or more means and facilities of interstate and foreign commerce and in and affecting interstate and foreign commerce.

(Title 18, United States Code, Sections 2251(a), 2251(e), 2 and 3551 et seq.)

## COUNT FIVE
(Mann Act Transportation – Jane Doe #2)

5.      In or about and between September 2021 and November 2021, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant, TYRONE STYLISTIC CROOKS, together with others, did knowingly and intentionally transport Jane Doe #2 in interstate commerce with the intent that Jane Doe #2 would engage in prostitution.

(Title 18, United States Code, Sections 2421(a), 2 and 3551 et seq.)

## COUNT SIX
(Sex Trafficking – Jane Doe #2)

6.      In or about and between September 2021 and November 2023, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant TYRONE STYLISTIC CROOKS, together with others, did knowingly and intentionally recruit, entice, harbor, transport, provide, obtain, advertise, maintain, patronize and

solicit by any means a person, to wit: Jane Doe #2, in and affecting interstate commerce, and did benefit, financially and by receiving anything of value, from participation in a venture which engaged in such acts, knowing that means of force, threats of force, fraud and coercion, as described in Title 18, United States Code, Section 1591(e)(2), and a combination of such means, would be used to cause Jane Doe #2 to engage in one or more commercial sex acts.

(Title 18, United States Code, Sections 1591(a)(1), 1591(a)(2), 1591(b)(1), 1591(c), 2 and 3551 et seq.)

## COUNT SEVEN
(Attempted Sex Trafficking – Jane Doe #3)

7.     In or about and between 2023 and 2025, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant TYRONE STYLISTIC CROOKS, together with others, did knowingly and intentionally attempt to recruit, entice, harbor, transport, provide, obtain, advertise, maintain, patronize and solicit by any means a person, to wit: Jane Doe #3, an individual whose identity is known to the Grand Jury, in and affecting interstate commerce, and did benefit, financially and by receiving anything of value, from participation in a venture which engaged in such acts, knowing that means of force, threats of force, fraud and coercion, as described in Title 18, United States Code, Section 1591(e)(2), and a combination of such means, would be used to cause Jane Doe #3 to engage in one or more commercial sex acts, which offense was effected by means of force, fraud and coercion, contrary to Title 18, United States Code, Sections 1591(a)(1) and 1591(a)(2).

(Title 18, United States Code, Sections 1591(b)(1), 1594(a), 2 and 3551 et seq.)

## COUNT EIGHT
(Sex Trafficking of a Minor – Jane Doe #4)

8.     In or about and between October 2024 and November 2024, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the

defendant TYRONE STYLISTIC CROOKS, together with others, did knowingly and intentionally recruit, entice, harbor, transport, provide, obtain, advertise, maintain, patronize and solicit by any means a person, to wit: Jane Doe #4, an individual whose identity is known to the Grand Jury, in and affecting interstate commerce, and did benefit, financially and by receiving anything of value, from participation in a venture which engaged in such acts, knowing and in reckless disregard of the fact that Jane Doe #4 had not attained the age of 18 years and would be caused to engage in one or more commercial sex acts, having had a reasonable opportunity to observe Jane Doe #4.

(Title 18, United States Code, Sections 1591(a)(1), 1591(a)(2), 1591(b)(2), 1591(c), 2 and 3551 et seq.)

## COUNT NINE
### (Sexual Exploitation of a Minor – Jane Doe #4)

9.     In or about November 2024, within the Eastern District of New York and elsewhere, the defendant TYRONE STYLISTIC CROOKS, together with others, did employ, use, persuade, induce, entice and coerce a minor, to wit: Jane Doe #4, to engage in sexually explicit conduct, and knowingly and intentionally attempt to do so attempt to do so, for the purpose of producing one or more visual depictions of such conduct, knowing and having reason to know that such visual depictions would be transported and transmitted using any means and facility of interstate and foreign commerce and which would be in and affecting interstate and foreign commerce, which visual depictions were produced and transmitted using materials that had been mailed, shipped and transported in and affecting interstate and foreign commerce by any means, to wit: one or more mobile or Internet devices, computers and smartphones, and such visual depictions were actually transported and transmitted using one or more means and

facilities of interstate and foreign commerce and in and affecting interstate and foreign commerce.

(Title 18, United States Code, Sections 2251(a), 2251(e), 2 and 3551 et seq.)

## COUNT TEN
### (Sex Trafficking of a Minor – Jane Doe #5)

10.    In or about and between November 2024 and May 2025, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant TYRONE STYLISTIC CROOKS, together with others, did knowingly and intentionally recruit, entice, harbor, transport, provide, obtain, advertise, maintain, patronize and solicit by any means a person, to wit: Jane Doe #5, an individual whose identity is known to the Grand Jury, in and affecting interstate commerce, and did benefit, financially and by receiving anything of value, from participation in a venture which engaged in such acts, knowing and in reckless disregard of the fact that Jane Doe #4 had not attained the age of 18 years and would be caused to engage in one or more commercial sex acts, having had a reasonable opportunity to observe Jane Doe #5.

(Title 18, United States Code, Sections 1591(a)(1), 1591(a)(2), 1591(b)(2), 1591(c), 2 and 3551 et seq.)

## COUNT ELEVEN
### (Transportation of a Minor – Jane Doe #5)

11.    In or about and between November 2024 and May 2025, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant TYRONE STYLISTIC CROOKS, together with others, did knowingly and intentionally transport a person, to wit: Jane Doe #5, who had not attained the age of 18 years, in interstate

commerce, with the intent that Jane Doe #5 engage in prostitution, and in sexual activity for which any person could be charged with a criminal offense.

(Title 18, United States Code, Sections 2423(a), 2 and 3551 et seq.)

### COUNT TWELVE
(Sexual Exploitation of a Minor – Jane Doe #5)

12.    In or about and between November 2024 and May 2025, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant TYRONE STYLISTIC CROOKS, together with others, did employ, use, persuade, induce, entice and coerce a minor, to wit: Jane Doe #5, to engage in sexually explicit conduct, and knowingly and intentionally attempt to do so attempt to do so, for the purpose of producing one or more visual depictions of such conduct, knowing and having reason to know that such visual depictions would be transported and transmitted using any means and facility of interstate and foreign commerce and which would be in and affecting interstate and foreign commerce, which visual depictions were produced and transmitted using materials that had been mailed, shipped and transported in and affecting interstate and foreign commerce by any means, to wit: one or more mobile or Internet devices, computers and smartphones, and such visual depictions were actually transported and transmitted using one or more means and facilities of interstate and foreign commerce and in and affecting interstate and foreign commerce.

(Title 18, United States Code, Sections 2251(a), 2251(e), 2 and 3551 et seq.)

### CRIMINAL FORFEITURE ALLEGATION
AS TO COUNTS ONE, TWO, SIX, SEVEN, EIGHT AND TEN

13.    The United States hereby gives notice to the defendant that, upon his conviction of any of the offenses charged in Counts One, Two, Six, Seven, Eight and Ten, the government will seek forfeiture in accordance with Title 18, United States Code, Section 1594(d), of: (a) any property, real or personal, that was involved in, used, or intended to be used

8

to commit or to facilitate the commission of such offenses, and any property traceable to such property; and (b) any property, real or personal, constituting, or derived from, proceeds obtained directly or indirectly as a result of such offenses, or any property traceable to such property.

14.    If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

        (a)    cannot be located upon the exercise of due diligence;

        (b)    has been transferred or sold to, or deposited with, a third party;

        (c)    has been placed beyond the jurisdiction of the court;

        (d)    has been substantially diminished in value; or

        (e)    has been commingled with other property which cannot be divided without difficulty,

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendant up to the value of the forfeitable property described in this forfeiture allegation.

(Title 18, United States Code, Section 1594(d); Title 21, United States Code, Section 853(p))

CRIMINAL FORFEITURE ALLEGATION
AS TO COUNTS THREE, FIVE AND ELEVEN

15.    The United States hereby gives notice to the defendant that, upon his conviction of any of the offenses charged in Counts Three, Five and Eleven, the government will seek forfeiture in accordance with Title 18, United States Code, Section 2428(a), which requires the forfeiture of: (a) any property, real or personal, that was used or intended to be used to commit or to facilitate the commission of such offenses; and (b) any property, real or personal, constituting, or derived from, proceeds obtained directly or indirectly as a result of such offenses.

16.     If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

(a)     cannot be located upon the exercise of due diligence;

(b)     has been transferred or sold to, or deposited with, a third party;

(c)     has been placed beyond the jurisdiction of the court;

(d)     has been substantially diminished in value; or

(e)     has been commingled with other property which cannot be divided without difficulty,

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendant up to the value of the forfeitable property described in this forfeiture allegation.

(Title 18, United States Code, Section 2428(a); Title 21, United States Code, Section 853(p))

## CRIMINAL FORFEITURE ALLEGATION
## AS TO COUNTS FOUR, NINE AND TWELVE

17.     The United States hereby gives notice to the defendant that, upon his conviction of any of the offenses charged in Counts Four, Nine and Twelve, the government will seek forfeiture in accordance with Title 18, United States Code, Section 2253(a), which requires the forfeiture of: (a) any visual depiction described in Section 2251, 2251A, 2252, 2252A, 2252B, or 2260 of Title 18 of the United States Code, or any book, magazine, periodical, film, videotape, or other matter which contains any such visual depiction, which was produced, transported, mailed, shipped or received in violation of such sections; (b) any property, real or personal, constituting, or traceable to, gross profits or other proceeds obtained from such

10

offenses; and (c) any property, real or personal, used or intended to be used to commit or to promote the commission of such offenses or any property traceable to such property.

18.    If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

(a)    cannot be located upon the exercise of due diligence;

(b)    has been transferred or sold to, or deposited with, a third party;

(c)    has been placed beyond the jurisdiction of the court;

(d)    has been substantially diminished in value; or

(e)    has been commingled with other property which cannot be divided

without difficulty,

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 2253(b), to seek forfeiture of any other property of the defendant up to the value of the forfeitable property described in this forfeiture allegation.

(Title 18, United States Code, Sections 2253(a) and 2253(b); Title 21, United States Code, Section 853(p))

A TRUE BILL



FOREPERSON

By David Pitluck, Assistant U.S. Attorney

JOSEPH NOCELLA, JR.
UNITED STATES ATTORNEY
EASTERN DISTRICT OF NEW YORK